113 F.3d 1242
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
$146,094.00 U.S. CURRENCY, Defendant,
and
Jose Munoz Orozco, Claimant-Appellant.
 No. 96-56383.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1997.*
Decided May 9, 1997.
 
 Appeal from the United States District Court for the Central District of California, No. CV-95-00527-CBM; Consuelo B. Marshall, District Judge, Presiding.
 C.D.Cal.
 REVERSED.
 Before: FLETCHER, REINHARDT and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Munoz Orozco appeals a summary judgment in favor of the United States in its civil forfeiture action against $146,094.00 in currency pursuant to 21 U.S.C. § 881(a)(6). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse.
 
 
 3
 Orozco contends that there was insufficient evidence to support the district court's finding of probable cause for the forfeiture of the funds. This contention lacks merit.
 
 
 4
 We review de novo the district court's determination of the existence of probable cause in a civil forfeiture proceeding. See United States v. Padilla, 888 F.2d 642, 643 (9th Cir.1989). Before a forfeiture will lie, the United States must establish probable cause that the currency was exchanged for or intended to be exchanged for drugs. See id. at 643. Probable cause means that the aggregate of facts gives rise to "more than mere suspicion." See id. at 643-44. Circumstantial evidence of drug transactions may support the establishment of probable cause. See id. at 643.
 
 
 5
 Here, the United States submitted an uncontroverted declaration from the investigating law enforcement officer. The declaration stated that Orozco was observed in front of his residence unloading the contents of a box into a vehicle that was subsequently followed, stopped and found to contain 10 kilograms of cocaine. Orozco's house was searched pursuant to a warrant and the currency was discovered in several bundles in two different locations by a narcotic-detecting dog.
 
 
 6
 The positive dog alert, along with the seizure of the cocaine, which appeared to have been loaded into a vehicle from Orozco's house just hours before, provides an evidentiary basis to find probable cause. See Padilla, 888 F.2d at 643; cf. United States v. U.S. Currency, $30,060.00, 39 F.3d 1039, 1042 (9th Cir.1994) (holding positive dog alert, packaging and amount of money, false accounts of money's source and claimant's employment record insufficient to establish probable cause). Furthermore, the amount of currency seized is strong evidence of illicit narcotics involvement. See Padilla, 888 F.2d at 644 (holding that $40,000 is extremely large amount of cash, substantially greater than is commonly kept in residential premises by law-abiding wage-earners).
 
 
 7
 In light of the aggregate of facts, the district court did not err in finding probable cause exists to believe that the money seized had been or was intended to be exchanged for drugs. See id. at 643.
 
 
 8
 Orozco also contends that the district court erred by granting the government's motion for summary judgment because he submitted evidence concerning the source of the funds, raising a genuine issue of material fact.
 
 
 9
 We review de novo the grant of summary judgment. See U.S. Currency, $30,060.00, 39 F.3d at 1041. Once the United States has established probable cause, the burden shifts to the claimant to show, by a preponderance of the evidence, that the currency seized was not involved in the alleged illegal narcotics transaction. See United States v. One 56-Foot Motor Yacht Named the Tahuna, 702 F.2d 1276, 1281 (9th Cir.1983). A claimant may avoid summary judgment by setting forth specific facts showing that there is a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Fed.R.Civ.P. 56(e).
 
 
 10
 Orozco produced no evidence on the issue of probable cause in response to the summary judgment motion. However, the district court granted Orozco's request to submit an offer of proof concerning the source of the seized funds. He did and referred to facts which tended to show a legitimate source for the funds. Once he submitted the offer of proof, it was improper to grant summary judgment without providing Orozco the opportunity to produce evidence. See Fed.R.Civ.P. 56(f). Moreover, the district court's order granting summary judgment and its order setting forth findings of fact and conclusions of law do not address the issue of whether Orozco raised a genuine issue of material fact about the source of the funds.
 
 
 11
 Accordingly, the district court improperly granted summary judgment.
 
 
 12
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3